UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:12 CR 238** |
| | : | |
| Plaintiff, | : | **JUDGE DAVID D. DOWD, JR.** |
| | : | |
| v. | : | |
| | : | <u>**MOTION IN LIMINE**</u> |
| | : | |
| **DOUGLAS L. WRIGHT,** | : | |
| | : | |
| Defendant. | : | |

    NOW COMES Defendant Douglas C. Wright, by and through his attorney, and respectfully moves this Court for an Order preventing the Government from introducing at trial any of the following: (1) any evidence pertaining to Defendant's alleged threat to damage his grade school with an explosive, such threat made when he was a juvenile, and (2) inculpatory statements made by the Defendant before the alleged conspiracy began. The reasons for this Motion are contained in the attached Memorandum of Law.

                                                         Respectfully submitted,

                                                        <u>s/Anthony J. Vegh</u>
                                                        Anthony J. Vegh
                                                        526 Superior Ave., East
                                                        The Leader Building, Suite 720
                                                        Cleveland, Ohio 44114-1401
                                                        P (216) 566-1424
                                                        F (216) 566-1468
                                                        tvegh@vecchio-vegh.com
                                                        (Ohio Bar Reg No. 0039603)

                                                        Counsel for Defendant Wright

**MEMORANDUM OF LAW**

1. **Evidence of Defendant's Threat Made To His Principal In The Seventh Grade is Inadmissible Because it is Irrelevant and Unfairly Prejudicial**

A motion *in limine* should be granted for the purpose of ruling inadmissible any evidence of the threat that Mr. Wright allegedly made to his school principal when he was in the seventh grade. Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). Evidence that is irrelevant under Fed.R.Evid. 401 is, by definition, inadmissible pursuant to Fed.R.Evid. 402. Evidence that is unfairly prejudicial is inadmissible under Fed.R.Evid. 403.

Evidence of a threat that Mr. Wright made to his school principal 14 years ago, when he was 12 years old, is inadmissible because it is both irrelevant and unfairly prejudicial. Furthermore, Mr. Wright was a juvenile at the time, and juvenile adjudications of a defendant are inadmissible for the purpose of impeaching the defendant. *See* Fed.R.Evid. 609(d)(2) (holding that evidence of a juvenile adjudication is admissible only if the adjudication was of a witness other than the defendant). Because evidence of the alleged juvenile threat is irrelevant

to the instant prosecution, unfairly prejudicial, and inadmissible, a motion *in limine* should be granted excluding such evidence from the trial.

## RELEVANT FACTS

On the day of his arrest (May 1, 2012), Defendant was interviewed by the F.B.I. In his interview, the following exchange occurred between Defendant and SA Ryan Taylor:

TAYLOR: DID YOU…UM…DID YOU EVER HAVE ANY TROUBLE WITH LIKE A PIPE BOMB IN HIGH SCHOOL OR ANYHTING LIKE THAT.
WRIGHT: YEAH I TOLD THE PRINCIPAL, I WAS GONNA BLOW HIS ASS UP…IN SEVENTH GRADE OR SOMEHTING LIKE THAT
TAYLOR: ... OKAY
WRIGHT: (UI).
TAYLOR: IT WAS JUST A THREAT OR…I MEAN…DID YOU ACTUALLY MEAN IT?
WRIGHT: NO. IT WAS JUST A THREAT.
TAYLOR: OKAY, SO YOU DIDN'T ACTUALLY…
WRIGHT: THEY GOT ME FOR TERRORISTIC THREATS AND TERRORIST ACTS
BUT DIDN'T...THERE WAS NO ...
TAYLOR: BUT YOU DIDN'T ACTUALLY MAKE ...
WRIGHT: THERE WAS NOT EVEN ...
TAYLOR: ... A BOMB?
WRIGHT: ... A PIECE OR A PIPE BOMB ... NOT EVEN ONE SINGLE COMPONENT OF
A PIPE BOMB OR STUFF.
TAYLOR: OKAY.
WRIGHT: THEY TOOK ME TO THE JUVE ... AND THEY GOT ME FOR THE THREATS
AND SOMEHOW THEY STILL GOT ME TERRRORIST ACTS EVEN THOUGH THEY DIDN'T FIND ANY PIPE BOMB.
TAYLOR: SOUNDS MORE OF AN EXAGGERATION OF ...
WRIGHT: IT WAS MORE OF A ... UMMM ....
TAYLOR: YEAH, I READ STUFF ON PAPER.

WRIGHT: GETTING SUSPENDED AND ... YOU KNOW .. .I WAS PISSED OFF SO I'MGONNA BLOW YOUR ASS UP AND THAT'S IT.

Transcript, pp.29-30.

## ARGUMENT

Rule 404(a) provides that character evidence is not admissible to prove a defendant's propensity to commit the crime that he is on trial for.  Rule 404(b) provides that evidence of prior bad acts is not admissible to prove a defendant's character for the purpose of proving that he committed the crime that he is on trial for.  In *United States v. Bell*, 516 F.3d 432 (2008) the Court of Appeals reversed a criminal conviction because the trial court had erroneously allowed the admission into evidence of the defendant's prior drug convictions, in violation of Rule 403 and 404(b).  In *Bell* the trial court allowed the prior convictions into evidence for an improper purpose, and also erred in failing to determine that the evidence was more prejudicial than probative.  In reversing the conviction the appellate court stated, "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *Id.*, at 441, citing *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004).  The court went on to state the three part inquiry for determining when evidence of other acts is probative of a material issue other than character:  First, the evidence must be offered for an admissible purpose.  Second, the purpose for which the evidence is offered is material or 'in issue.'  Third, the evidence is probative with regard to the purpose for which it is offered.  *Bell*, at 441-42, citing *United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007).

The court in *Bell* ultimately found that the evidence had not been admitted for a legitimate purpose because it was admitted for a purpose other than proving a fact

4

that was in issue. In holding that the defendant's prior convictions were not probative on the issue of intent, the court looked to whether the evidence related to conduct that was substantially similar and reasonably near in time to the crime that the defendant was on trial for. *Bell*, at 443. For the prior acts to have been probative of present intent they needed to be part of the same scheme, or involve "a similar *modus operandi* as the present offense." *Id.*, citing *United States v. Robinson*, 904 F.2d 365, 368 (6th Cir. 1990). "Unless the past and present crime are related by being part of the same scheme of drug distribution or by having the same *modus operandi*, the fact that a defendant has intended to possess and distribute drugs in the past does not logically compel the conclusion that he presently intends to possess and distribute drugs." *Bell*, at 443-44; *see also United States v. Bakke*, 942 F.2d 977, 983 (6th Cir. 1991) (holding that evidence of defendant's totally unrelated drug transaction six months after charged conspiracy only showed that he sold drugs at the time of the later transaction and did not prove he was a member of an earlier conspiracy). To be probative of a defendant's guilt of the crime that he is on trial for, his prior conduct must be related in some way to that crime. Even though Bell's prior convictions were for the same types of charges that he was being tried for, the evidence of those convictions was inadmissible. The prior convictions were for offenses that had occurred several years earlier, and were not alleged to be part of the same scheme to distribute drugs or involve a similar *modus operandi*. Because no connection existed between the prior convictions and the present charges, the prior convictions were not probative of any fact in issue in the present case.

   Here, Mr. Wright made a threat to his school principal when he was 12 years old. That threat was made 14 years ago. And it was just a threat, no action was taken beyond mere spoken words. No bomb was built. No parts or components were

5

built or otherwise obtained. No steps were taken toward carrying out what was nothing but an adolescent's angry outburst. As was the case in *Bell*, the government has not alleged that Mr. Wright's single, isolated threat is part of the same crimes or the conspiracy that he is charged with in this case. In *Bell* the temporal disconnection between the new charge and the prior charges was four years. Here, the temporal disconnection between Mr. Wright's juvenile threat to his principal and the crimes that he is presently charged with is 14 years. As such, no legitimate purpose exists for admitting the 14 year old juvenile threat into evidence, and it is therefore inadmissible.

     Moreover, if any doubt could exist as to admissibility of the 14 year old threat, Rule 403 puts such doubt to rest. Under Rule 403 a court should exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Here, the prejudicial impact of admitting a 14 year old angry adolescent's threat to blow up a school substantially outweighs its probative value. Allowing the jury to learn about Mr. Wright's alleged juvenile outburst could only serve to inflame the passions of the jury, while proving nothing whatsoever about the crimes that he is currently charged with. As the court stated in *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994),

When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, or course, is why the prosecution uses such evidence whenever it can. When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, and that if he did it before he probably did it again.

Here, the only way that the 14 year old threat could be probative would be if the jury was allowed to infer that because Mr. Wright threatened to blow up his school when he was 12 years old, it is likely that he is guilty of the crimes that he is charged with now.  This is the very evil that Rules 403 and 404 prohibit.   The prior threat may not be admitted to characterize Mr. Wright as a repeat offender, and to inflame the passions of the jury to convict him for either the past threat, or for just being a bad person.  Because the admission of the 14 year old threat would be highly prejudicial it must be excluded.

Finally, in the event that Mr. Wright testifies at trial, the threat must be excluded under Rule 609(d).  Rule 609(d) provides that a defendant's juvenile adjudications are inadmissible for the purpose of impeaching the defendant's testimony.  Here, the threat was made when Mr. Wright was 12 years old.  This falls squarely within Rule 609(d)'s proscription.

Only relevant evidence is admissible. Evidence is relevant if it makes a fact that is of consequence more or less probable than it would be without the evidence.   *See* Fed.R.Evid. 401; *see also United States v. Lawson*, 535 F.3d 434 (6th Cir. 2008).  Here, the 14 year old threat is inadmissible because it is not relevant.  It is not relevant because it does nothing to prove or disprove a fact in issue in this case.  As such, the jury should be shielded from this unfairly prejudicial or irrelevant evidence.  The motion *in limine* should be granted.

**2. Inculpatory Statements Made By The Defendants Before The Alleged Conspiracy Began are Inadmissible under Federal Rule of Evidence 801(d)(2)(E)**

Pursuant to Fed.R.Evid 801(d)(2)(E) none of the statements that the defendants in this case made prior to the beginning of the alleged conspiracy may be admitted against Mr. Wright. This includes Mr. Wright's own statements. Such statements are inadmissible hearsay. *See* Fed.R.Evid. 801.

The Indictment alleges that the conspiracy in this case began on February 20, 2012. In his affidavit attached to the criminal complaint, FBI SA Ryan describes a series of meetings between Defendant and the government's provocateur (prior to February 21, 2012) where Defendant discussed:

> The use of violence against physical property,
> Knocking bank signs down,
> Anarchists and their use of "Black Box" techniques at protests,
> Looking up recipes in the "Anarchist's Cookbook" and that he would make copies of same,
> Wanting to buy batons to use in protests; and,
> That he could not buy a gun because he was a convicted felon.

None of these statements were recorded by the government's provocateur. If these statements were made, they were made before the conspiracy began. Therefore, they are not statements made in furtherance of the conspiracy and they are not admissible pursuant to Fed.R.Evid 801(d)(2)(E); they are hearsay.

Under Rule 801(d)(2)(E) a statement made by "the party's coconspirator during and in furtherance of the conspiracy" is not hearsay. But it stands to reason that a statement made prior to the beginning of a conspiracy cannot satisfy the "during and in furtherance" requirement of Rule 801(d)(2)(E). *See* <u>United States v. McLernon</u>, 746 F.2d 1098, 1105 (6th

Cir. 1984) holding modified by *United States v. Damra*, 621 F.3d 474 (6th Cir. 2010), "In this Circuit, co-conspirators' statements are admissible if the government shows by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy, (3) that the statement was made during the course of the conspiracy, and (4) that the statement was made in furtherance of the conspiracy. *United States v. Hamilton,* 689 F.2d 1262 (6th Cir.1982), *cert denied,* 459 U.S. 1117, 103 S.Ct. 753, 74 L.Ed.2d 971 (1983)." None of these requirements are met when applied to statements made prior to the beginning of the conspiracy.

Further, as a matter of law, a conspiracy could not exist between Mr. Wright and the government's agent provocateur. It is impossible to conspire with a government agent or informer. "If there are only two members of a conspiracy, neither may be a government agent or informant who aims to frustrate the conspiracy. *See United States v. Wright,* 63 F.3d 1067, 1072 (11th Cir.1995)." *United States v. Arbane*, 446 F.3d 1223, 1228 (11th Cir. 2006).

Any statements made by Mr. Wright prior to the beginning of the alleged conspiracy are not evidence of the illegal agreement which is the basis for the conspiracy. Any such statements are irrelevant, and inadmissible under Fed.R.Evid 402 (holding irrelevant evidence is inadmissible). Allowing into evidence statements made prior to the beginning of the alleged conspiracy would only serve to create jury confusion, to mislead the jury, and to create prejudice.

Based on the fact that Mr. Wright could not have conspired with the government informant, and could not have conspired at all prior to the beginning of the alleged conspiracy, no statements made by any of the defendants prior to the beginning of the alleged conspiracy may be admitted against Mr. Wright, including his own statements.

                                        Respectfully submitted,

                                        *s/Anthony J. Vegh*
                                        Anthony J. Vegh
                                        526 Superior Ave., East
                                        The Leader Building, Suite 720
                                        Cleveland, Ohio 44114-1401
                                        P (216) 566-1424
                                        F (216) 566-1468
                                        tvegh@vecchio-vegh.com
                                        (Ohio Bar Reg No. 0039603)

                                        Counsel for Defendant Wright


<u>CERTIFICATE OF SERVICE</u>

      A copy of the foregoing was electronically served on this 20th day of June, 2012. Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        *s/Anthony J. Vegh*