UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12 CR 238 |
| | : | |
| Plaintiff, | : | JUDGE DAVID D. DOWD, JR. |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S SECOND MOTION** |
| DOUGLAS L. WRIGHT, | : | **IN LIMINE** |
| | : | |
| Defendant. | : | |

NOW COMES Defendant Douglas C. Wright, by and through his attorney, and respectfully moves this Court for an Order preventing the Government from introducing at trial Defendant's post-arrest statement because it is largely unintelligible and, therefore, untrustworthy. Defendant submits that introduction of this statement a trial will deprive him of his Due Process Rights as guaranteed by the 14th Amendment to the U.S. Constitution. The reasons for this Motion are contained in the attached Memorandum of Law.

                                                              Respectfully submitted,

                                                              *s/Anthony J. Vegh*
                                                              Anthony J. Vegh
                                                              526 Superior Ave., East
                                                              The Leader Building, Suite 720
                                                              Cleveland, Ohio 44114-1401
                                                              P (216) 566-1424
                                                              F (216) 566-1468
                                                              tvegh@vecchio-vegh.com
                                                              (Ohio Bar Reg No. 0039603)

                                                              Counsel for Defendant Wright

## **MEMORANDUM OF LAW**

On the day of his arrest (May 1, 2012), Defendant was interviewed by the F.B.I. The statement was videotaped. However, the beginning of the interview is not audible due to a malfunction in the recording equipment. The audio portion of the statement is barely audible. The transcript of the interview, which begins in the middle of the interrogation and ends somewhere before the actual ending, is replete with the abbreviation "UI" meaning unintelligible.

Upon request by counsel for the Defendant, the government sought to enhance the audio portion of the statement. The resulting audio only statement is, however, barely audible. Defendant recently filed a Supplemental Discovery request seeking the interviewing agents' "rough notes". The government responded and, for all intents and purposes, there are none. The only "notes" taken during Defendant's interview is one sentence notation. There also notes from the case agents' describing the technical difficulties in recording Defendant's statement.

A "defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." *Arizona v. Fulminante*, 499 U.S. 279, 296 1991) (internal quotation and citation omitted). Thus, it is paramount that the confession, in whatever form offered by the prosecution, be an accurate recording (in whatever form proffered) of the defendant's words.

"It is well settled that the admission of tape recordings at trial rests within the sound discretion of the trial court." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir.1983). In order to be admissible, the district court must determine whether the tapes are "audible and sufficiently comprehensible for the jury to consider the contents." *Robinson*, 707 F.2d at 876.

That discretion presumes, as a prerequisite to admission, that the tapes be authentic, accurate and trustworthy. *United States v. Haldeman*, 559 F.2d 31 (D.C.Cir.1976), *cert. denied sub nom. Mitchell v. United States*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). Moreover, they must be audible and sufficiently comprehensible for the jury to consider the contents. *United States v. Bryant*, 480 F.2d 785, 789 (2d Cir.1973). Recordings will be deemed inadmissible if the "unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *United States v. Jones, 540 F.2d 465, 470 (10th Cir.1976)*, *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977).

Defendant requests that the Government provide the Court Defendant's audio recorded statement and the transcript of same. Defendant submits that after the Court has reviewed Defendant's interrogation, the Court will conclude that the "unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *Id.*

Respectfully submitted,

*s/Anthony J. Vegh*
Anthony J. Vegh
526 Superior Ave., East
The Leader Building, Suite 720
Cleveland, Ohio 44114-1401
P (216) 566-1424
F (216) 566-1468
tvegh@vecchio-vegh.com
(Ohio Bar Reg No. 0039603)

Counsel for Defendant Wright

CERTIFICATE OF SERVICE

A copy of the foregoing was electronically served on this 20th day of June, 2012. Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation

3

of the Court's electronic filing system. Parties may access this filing through the Court's system.

<div style="text-align: right;">*s/Anthony J. Vegh*</div>


of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Anthony J. Vegh*